FARM BUREAU TOWN AND COUNTRY INSURANCE COMPANY OF MISSOURI, Respondent,

v.

Maurice HUGHES, Alberta Hughes and Paul Hughes, Appellants.

No. WD 32184.

Missouri Court of Appeals, Western District.

Dec. 22, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 26, 1982.

Application to Transfer Denied March 16, 1982.

Joseph P. Dandurand, Warrensburg, for appellants.

Max W. Foust and Ed G. Dougherty, Kansas City, for respondent; Morris & Foust, Kansas City, of counsel.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

PRITCHARD, Judge.

Respondent received judgment that it was not liable for stacking of medical payments coverages on three policies issued to appellants Maurice and Alberta Hughes. Their son, Paul, was injured when he was a passenger in a one-vehicle accident, which vehicle was not one described in his parents' policies, was not owned in whole or in part by any of appellants, and was not available for the regular use of any of them. State Farm Mutual Insurance Company was the carrier for the vehicle occupied by Paul at the time of his injury and it paid the policy liability limits, $50,000, to him. There was no medical pay coverage in the State Farm policy. Paul incurred necessary and reasonable medical expenses of $11,000.

The three policies, each covering separately described vehicles, had medical payments limits specified as $5,000, $2,000, and $2,000, respectively. Each had identical liability coverages with limits of $50,000 each person, $100,000 each accident for personal injury, $10,000 property damage liability, and uninsured motorist coverage of $10,000 per person and $20,000 each accident. Comprehensive coverage was for $100 on one vehicle, and full actual value coverages not to exceed $12,500 on two vehicles. Collision coverage was for $500 on each of the three vehicles.

Respondent paid $5,000 of Paul's medical expenses under the one policy with the highest limits, and on demand by appellants to pay an additional $4,000 under the other two policies, it brought this declaratory judgment action to determine that additional liability.

In entering judgment for respondent, the trial court relied upon paragraph 5 of the "conditions" of the policy: "Other Automobile Insurance in the Company—With respect to any occurrence, accident, death, or loss to which this and any other automobile insurance policy issued to the named insured or spouse by the Company also applies, the total limit of the Company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one such policy."

Appellants seek to avoid Condition 5 on two grounds of their Point I which asserts that the condition is ambiguous. The first is that it may reasonably be construed to mean that the total limit of respondent's liability under all policies issued by it shall not exceed the highest applicability limit of liability or benefit amount of all coverages under any one policy rather than respondent's interpretation that its liability is limited to the highest applicable limit of liability or benefit under the medical payments section only of any one policy (which is here

$5,000). Appellants illustrate by combining the highest applicable limit of one of the policies ($100,000 bodily injury liability insurance, $10,000 property damage liability insurance, $5,000 medical payments insurance, $20,000 uininsured motorist insurance, $100 comprehensive insurance, and $500 collision insurance) to come up with a total possible liability of $135,600. The suggestion is factitious, for as respondent suggests the condition of highest limit under any one policy refers to the *applicable* limit of liability for any coverage. For instance, if there was bodily injury liability for injury to a third person in one policy of $100,000, but in another policy there was $200,000 coverage, the latter would be the limit of liability for that *applicable* coverage. Condition 5 is not ambiguous for this asserted reason, and it cannot be construed in favor of appellants. The only applicable coverage here as claimed by appellants is that of medical payments, and it is not otherwise contended by them. The cases cited by appellants for the contention of ambiguity are distinguishable in policy language. *Kansas City Fire & Marine Insurance Company v. Epperson*, 234 Ark. 1100, 356 S.W.2d 613 (1962), had a single policy insuring two separate vehicles under medical payments coverage. The policy had this "separability" clause: " 'Two or More Automobiles: When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each.' " There was no limiting condition as is present here in Condition 5, supra, referring to other insurance in the company. *Sturdy v. Allied Mutual Insurance Company*, 203 Kan. 783, 457 P.2d 34 (1969), had a contract executed before the enactment of the Kansas uninsured motorist law, and thus there was no public policy question on uninsured motorist coverage as was present in *Cameron Mutual Insurance Company v. Madden*, 533 S.W.2d 538 (Mo. banc 1976), commented upon, infra. In the *Sturdy* case, there was a separability clause in the single policy covering two automobiles, and the "other insurance" clause did not refer to insurance in the defendant company. There was in fact no other insurance, and thus the instant policy could not have been excess insurance as referred to in the other insurance clause. The Kansas court held the policy there to be ambiguous as to what coverage was intended to apply to a second described automobile, upon which an additional premium was paid, and construing the language against the insurer, permitted stacking of uninsured motorist coverage.

In the *Madden* case, supra, where a single policy covered two vehicles, at page 545, et seq., there was a consideration of whether a single policy covering medical payments could be stacked as to the coverage. As in the *Epperson* case, supra, there was a separability clause: " '* * * (d) Two or more automobiles. When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each. * * *'", and the court held that the clause meant that each and every provision of the policy applied separately and independent to each vehicle listed, exactly as they would if repeated in separate policies on each such vehicle. Here, there are separate policies and separate premiums for medical payments coverage set forth, a factor considered for stacking process in the *Madden* case. Yet that case went on to say that *Automobile Club Inter-Insurance Exchange v. Diebold*, 511 S.W.2d 135 (Mo.App.1974), disclosed in its separability clause that it was possible to clearly and explicitly spell out an intention to limit liability to single coverage even though multiple vehicles are listed. For public policy reasons, that clause was held ineffective to restrict uninsured motorist coverage to less than that required by statute but it was said, "[I]t perhaps could limit medical payments coverage where purely contractual considerations are involved". In this case, Condition 5, supra, is clear and explicit in its intention to limit coverage to the highest medical payments provision as a matter of contract with which, under the policy language and the circumstances, this court may not interfere.

Appellants contend that Condition 5 is in conflict with Article III, § 4, of the policy relating to other insurance. The latter is: "If the insured has other automobile

insurance affording benefits for medical expenses against a loss to which Coverage C of this policy applies, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability under this policy bears to the total applicable limits of liability of all such valid and collectible automobile insurance against such loss; provided, however, the insurance afforded under Coverage C of this policy with respect to a temporary substitute or non-owned automobile shall be excess insurance over any other valid and collectible automobile insurance affording benefits for medical expenses." Appellants attempt to construe this clause as applying to the two policies upon which respondent did not pay benefits as "excess" insurance because the "valid and collectible" automobile insurance was provided by respondent's largest coverage, which it paid. Clearly, the excess insurance provision applies to insurance provided by a third party on an automobile not owned by the injured person, and not to policies in the same company, as specified by Condition 5. The facts are that there was no medical payments coverage on the car in which Paul was riding when he was injured, so there was nothing in which any of respondent's policies could exceed. The contention is without merit.

Appellants urge that respondent's construction of Condition 5, herein sustained, would discourage customers from purchasing additional policies from respondent. Of course, if that be true, as respondent says, any discouragement would be detrimental to it. It is not demonstrated how this statement aids appellants' case.

Appellants lastly say that respondent's claimed limitation of medical payments is without consideration and is therefore contrary to public policy. Noted is an apparently disparate premium charge for the three policy coverages: For $5,000, $8.00; for $2,000, $6.00; for the other $2,000, $26.00. The reason for the disparity is not explained in this record, but perhaps it is as respondent suggests: The policy provides medical payments coverage to the named insured or relative while occupying the described automobile; and any other person while occupying the described automobile while being used by them or by any other person with their permission and its operation or use is within the scope of such permission. Whatever the amount of coverage, the risks are extended to and accepted by the insured, and thus there is consideration for the premium paid. To hold otherwise would offend the rule that parties to an insurance contract are free to place such restrictions on the insurer's liability as to which they may be willing to agree, absent a statute inhibiting the same or public policy considerations. *Douthet v. State Farm Mut. Auto. Ins. Co.*, 546 S.W.2d 156, 157[1] (Mo. banc 1977). Absent ambiguity, courts are obligated to enforce policies as written although it may appear in some respects to operate harshly or inequitably on one of the parties. *Moskowitz v. Equitable Life Assur. Soc. of U. S.*, 544 S.W.2d 13, 20[5] (Mo. banc 1976), and cases cited. The contention is therefore denied.

The judgment is affirmed.

All concur.