Rod RUSSELL, d/b/a Galva-Foam Steel
Docks, et al., Plaintiffs-Appellants,

v.

RELIANCE INSURANCE COMPANY,
Defendant,

and

Farmer-Foster Insurance Agency, Inc.,
Defendant-Respondent.

No. 13450.

Missouri Court of Appeals,
Southern District,
Division Two.

June 18, 1984.

William Icenogle, Icenogle & Icenogle, Camdenton, for plaintiffs-appellants.

Charles E. McElyea, Phillips, McElyea, Walker & Carpenter, Camdenton, for defendant-respondent.

PREWITT, Judge.

Appellants filed a petition in two alternate counts. Count I sought recovery against defendant Reliance Insurance Company, based on an insurance policy it issued

to appellants. Count II sought relief against respondent if appellants were denied recovery on Count I. Appellants contend in Count II that respondent was negligent in not procuring the insurance requested by appellants.

Appellants were in the business of constructing boat docks. Pursuant to a written contract they agreed to construct a steel boat dock on Lake Buchanan in Texas. Before the dock was completed it was destroyed. The policy issued by Reliance Insurance Company insured appellants against loss to the dock caused by certain perils. The loss was caused by waves of the lake water. Coverage for damage caused by that peril was excluded by the policy.

This is the second appeal of this suit. Following non-jury trial appellants recovered judgment against defendant Reliance Insurance Company on Count I. On appeal that recovery was reversed and the cause remanded to the trial court to make findings and enter a judgment on Count II. See *Russell v. Reliance Insurance Company*, 645 S.W.2d 166 (Mo.App.1982).

On remand the trial court found that appellants failed to show negligence by respondent and entered judgment against appellants on Count II.

Plaintiff Rod Russell testified that he requested respondent "to get me some coverage to protect me on the docks while I was building them." He sought insurance "to cover any losses that I might have from any kind of dock loss."

 A broker who, intending to earn a commission, undertakes to procure insurance for another must exercise reasonable skill and diligence in doing so, and if he does not, will be liable in tort or contract for damages suffered by his client. *Hall v. Charlton*, 447 S.W.2d 5, 9 (Mo.App.1969); *Kap-Pel Fabrics, Inc. v. R.B. Jones & Sons, Inc.*, 402 S.W.2d 49, 53 (Mo.App. 1966).

Here there is no evidence of want of skill or diligence or that any such lack of skill or diligence could have been the proxi-

mate cause of appellants' damages, as there was no evidence that insurance, against all perils, which appellants contend they wanted, or insurance protecting against the peril of waves, was available.

The only evidence relating to the availability of insurance for boat docks was that offered by respondent. One of its former employees said that wind driven waves were excluded on all policies that might apply except perhaps for a policy issued by "Western Casualty", but the risk here was "not acceptable to Western Casualty".

There was no claim of negligence except the failure to procure the coverage desired. If there was no insurance that could be purchased insuring against the peril causing the loss then any negligence of respondent would not be the proximate cause of appellants' damages. If it could not be purchased, whatever respondent did would not have insulated appellants from the loss.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.