Michael A. CARNAHAN, et al.,
Plaintiffs-Respondents,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, et
al., Defendants-Appellants.

No. 51089.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 27, 1987.

Michael C. Margherio, St. Louis, for defendants-appellants.

Edward C. Cody, St. Louis, for plaintiffs-respondents.

DOWD, Judge.

Defendant insurance company, American Family Mutual Insurance Company, (hereinafter American Family) and defendant agent, Richard Blankenship, (hereinafter Blankenship) appeal from a judgment entered pursuant to a jury verdict which awarded the plaintiffs-respondents, Michael and Julia Carnahan, $45,000.00 based upon a claim of fraudulent misrepresentation by the insurer and its agent in the sale of a homeowner's policy. We affirm.

The jury could reasonably have found the following. Respondents Michael and Julia Carnahan, upon a transfer from Rolla, purchased a house on Afshari Circle in Florissant in December of 1982. At the time of the purchase the Carnahans were referred by their realtor to Blankenship for homeowner's insurance. An American Family policy was subsequently issued and became effective December 15, 1982.[1] The closing took place December 17, 1982 and the Carnahans made a down payment of $12,500.00 against the purchase price of

---

1. There was conflicting testimony as to the substance and dates of the conversations between Blankenship and the Carnahans that led to the issuance of the policy. These conversations will be addressed later in this opinion.

$80,500.00. The remainder was financed through Lindbergh Bank.

In the spring of 1983 the foundation of the house began to shift. As a result, cracks developed in the floor of the basement, windows were broken, the doors to the house could not be latched properly, the garage doors came off their tracks, the brick facade separated from the foundation, and the drywall cracked. Because the doors could not be latched properly, snow and cold air eventually entered the house causing the floors to warp and the pipes to freeze and burst.

In May of 1983 the Carnahans made a claim on their homeowner's policy which was rejected. It was determined the damage was the result of an earth movement and such coverage is expressly excluded in the policy.

As the house progressively deteriorated the Carnahans were told by a county inspector they would have to eventually move due to the extent of the damage to the structural integrity of the house. They then moved to an apartment, approximately one year after the purchase of the house. Unable to meet the payments on both the apartment and the house, the Carnahans became delinquent on their house payment. Lindbergh Bank then sold the house at a trustee's sale in February of 1984. The house was sold for $45,000.00 and a deficiency of $30,262.54 was assessed against the Carnahans. They then brought this action in fraudulent misrepresentation claiming Blankenship represented they were insured against any loss other than earthquake or flood.[2] A jury awarded the Carnahans $45,000.00 and both defendants appeal.

Appellants make the following contentions: The trial court erred in denying appellants' motions for a directed verdict in that: (1) Respondents did not state a cause of action because the court cannot rewrite an insurance policy to provide coverage not in the contract; (2) Respondents did not state a cause of action because an agent is not liable for not obtaining coverage which is not available; and (3) Respondents failed to present sufficient evidence to support a theory of misrepresentation because two of the essential elements, reliance and materiality, were not proved.

As authority for their first point, that the court cannot rewrite the policy, appellants cite only *Farm Bureau Town and Country Ins. v. Hughes*, 629 S.W.2d 595 (Mo. App.1981). In *Farm Bureau* the plaintiff insurance company sought a declaratory judgment to determine liability under the policy. Because it was an action in contract, the cited case and the proposition therein are inapposite here where the cause of action is fraudulent misrepresentation. The Carnahans are not claiming liability based upon the contract but rather upon the collateral representations made by appellants. Point denied.

Appellants' second point, that an agent cannot be liable for not obtaining insurance that is not available in the industry, is similarly without merit. Initially, appellants state in their brief there is uncontradicted evidence that no earth movement insurance is available in the insurance industry. We find no such evidence in the record. The portion of the transcript appellants refer us to contains only testimony regarding the Carnahans and potential coverage under their American Family policy. Blankenship testified the Carnahans would not have been covered for damage caused by earth movement even if they had purchased the earthquake endorsement. In another portion of the transcript Blankenship testified the basic policy sold to the Carnahans offers the broadest coverage in the industry. He did not, however, testify whether a specific earth movement endorsement was available elsewhere in the industry.

Furthermore, the cause of action in the case relied on by appellants, *Russell v. Reliance Ins. Co.*, 672 S.W.2d 693 (Mo.App. 1984), is negligence. The claim in *Russell*

---

**2.** An earthquake and an earth movement are distinct casualties. Blankenship testified the earthquake endorsement would not have covered the loss caused by the earth movement.

was that the insurance broker was negligent in not obtaining the requested coverage and the claim was ultimately denied because there was no showing by the plaintiff that such insurance was available. In a negligence action the unavailability of a particular type of insurance is determinative because an agent obviously cannot be held liable for failing to obtain unavailable insurance. Respondents' claim, however, is not predicated on the agent's failure to act but rather on the misrepresentations regarding the scope of the coverage.[3]

Appellants also contend in their second point that respondents' lack of knowledge or understanding regarding the earth movement exclusion does not render the clause unenforceable and cites *Standard Venetian Blind Co. v. Am. Empire Ins.*, 503 Pa. 300, 469 A.2d 563 (1983), in support of their proposition. Again, the cited case is a declaratory judgment action to determine liability under a policy and is inapposite in a fraudulent misrepresentation action.

■ We note also that this second contention within their second point was presented only in the argument portion of their brief and not in the point relied on and thus, is contrary to the requirements of Rule 84.04. A point made for the first time in argument is not properly presented for review. *Sykes v. Stix, Baer & Fuller*, 238 S.W.2d 918, 920 (Mo.App.1951). Point denied.

In appellants' final point they contend respondent failed to prove two of the essential elements of a fraudulent misrepresentation theory.

The elements are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of the truth; (5) the speaker's intent that his statement be acted upon; (6) the hearer's ignorance of the falsity of the statement; (7) his reliance on the truth of the statement; (8) the hearer's right to rely on the statement; and (9)

the hearer's consequent and proximate injury.

*Teal v. Lee*, 506 S.W.2d 492, 496 (Mo.App. 1974); *Manning v. ABC Exterminators, Inc.*, 682 S.W.2d 3, 5–6 (Mo.App.1984).

Appellants first contend respondents failed to present evidence of the hearer's reliance because respondents testified they first met Blankenship when he came to their home in January of 1983. Because the policy was purchased in December of 1982, appellants contend representations made in January could not have been relied on by the respondents in purchasing the policy. Blankenship, however, testified he telephoned Michael Carnahan on December 13, 1982 and they discussed the scope of the policy as well as flood and earthquake endorsements. Also, both Julia and Michael Carnahan testified they relied on Blankenship's representations in purchasing the policy.

■ On appeal, our standard of review is a limited one.

In reviewing the action of a trial court in ruling on defendant's motion for a directed verdict (whether ruled at the close of plaintiff's evidence or at the close of all the evidence, and whether sustained or overruled) the reviewing court must determine whether plaintiff made a submissible case and in so doing, the plaintiff is entitled to the most favorable view of all the evidence and must be given the benefit of all favorable inferences to be drawn therefrom.

*Boyle v. Colonial Life Ins. Co. of America*, 525 S.W.2d 811, 815 (Mo.App.1975). A motion for a directed verdict should be granted only when all of the evidence and reasonable inferences are so against the plaintiff's case that reasonable minds could not differ. *Boyle, supra* at 814.

■ Viewing the evidence in its most favorable light, we find sufficient evidence to support the jury's finding of reliance. The statements by the Carnahans and the

---

**3.** This is not to say, however, that the availability of the insurance is not relevant to a fraudulent misrepresentation claim. Its relevance will be discussed in that portion of the opinion that deals with the elements of fraudulent misrepresentation.

testimony of Blankenship that the policy coverage was discussed prior to the issuance of the policy create a reasonable inference that the Carnahans relied on Blankenship's representations.

Appellants next contend the respondents failed to present evidence of the materiality of the representations because respondents presented *no evidence that they would not have purchased the policy had the representations not been made.*

■ "[A] representation is material if it relates directly to the matter in controversy and is of such a nature that the ultimate result would not have followed if there had been no representation, or if the one who acted upon it had been aware of its falsity." *Schoen v. Lange,* 256 S.W.2d 277, 281 (Mo.App.1953). *See also* Restatement (Second) of Torts § 538 (1977). The test of materiality is an objective one and cannot be stated in a single, definite rule but rather depends upon the circumstances of the transaction. W. Keeton and W. Prosser, *The Law of Torts,* § 108 (1984). "The question is frequently for the jury whether the statement made might justifiably induce the action taken." *Id.* Materiality is a question of fact to be determined by the fact-finder. 1 *Mo.Tort Law,* § 21.10 (Mo.Bar 1978, 1985).

■ Both Michael Carnahan and Blankenship testified the Carnahans had been previously disappointed by the failure of their insurance company to cover a loss and that they wanted the broadest coverage available. Michael Carnahan testified Blankenship represented to him the policy covered everything but flood and earthquake. Blankenship testified he represented the policy as the broadest coverage available. It was properly a jury decision to accept Michael Carnahan's version of the representations. It was also reasonable for the jury to infer that a potential buyer might further investigate whether the casualties expressly excluded in the American Family policy were available elsewhere. Because the jury believed the Carnahans were not told of the other exclusions, they could reasonably determine the Carnahans

were justified in not taking further action. Furthermore, the jury could also reasonably infer the Carnahans would not have purchased the policy and rather, sought additional coverage from another insurance company had they known of the exclusions. We, therefore, find sufficient evidence to support the jury's determination that the reliance was material.

There was also some question in this case whether the fact that the Carnahans did not have earth movement insurance could be material if it is unavailable in the industry and whether the plaintiffs had met their burden of proof as to materiality when they did not put forth evidence that such insurance is available. Appellants, however, conceded they did not make this argument in their brief. Only those issues presented in the points are considered. *Smith v. Welch,* 611 S.W.2d 398, 399 (Mo. App.1981). "It is not the duty of this Court to search through the argument and record to find potential errors. Nor is it the responsibility of this Court to act as appellant's advocate." *Franklin v. Robards,* 564 S.W.2d 909, 910 (Mo.App.1978). The purpose of the rule is not only to give the appellate court a concise summary of the argument but also to give opposing counsel notice of what arguments are to be made so that they may properly prepare an answer. *Butterbaugh v. Public Water Supply Dist. No. 12,* 512 S.W.2d 445, 446 (Mo.App.1974). These issues are, therefore, not properly before this court for review and will not be considered. Point denied.

Judgment affirmed.

SMITH, P.J., and REINHARD, J., concur.

SMITH, Presiding Judge, concurring.

I concur only because of the non-preservation referred to in the last paragraph of the opinion. I am unable to concur with those portions of the opinion which allow the jury to infer materiality where plaintiffs failed to produce any evidence that coverage for the loss which occurred is

available at all in the industry. Unless such coverage is available so that plaintiffs could have obtained it, I am unable to conclude that plaintiffs established the elements of a fraud case. Defendants did not, however, raise this issue in their brief and I agree it is not properly before us.