Jamal **BRIDGES**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 54117.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 16, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Michael David Burton, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. He seeks to vacate guilty pleas to two counts of assault first degree. We affirm.

In his Rule 27.26 motion movant asserted his plea as to the first count was involuntary. At the plea hearing, after the prosecutor presented a synopsis of the evidence, movant responded affirmatively when asked if he had done the acts described by the prosecutor. Later in the plea hearing movant stated counsel had done a good job excepting as to contacting his witnesses. Movant named four witnesses, and stated the last had seen the robbery and would say he did not do the robbery. Whereupon the court questioned movant as follows:

Q. Well, now, Mr. Bridges, we're taking a plea of guilty here and after Mr. Warzycki stated what happened, you said you did do it.

A. I did say it?

Q. Yes, I asked you if you were guilty of what he stated and you said, 'Yes.'

A. I know I said yes. You was asking me for what my attorney did for me.

Q. I'm asking you if you're satisfied with his services. You said, 'No.' But the last name you gave me was Charles Shelton, you said would be a witness to the fact that you did not do it, is what you just said, isn't it? Is that what you just said or did I misunderstand you? What would Charles Shelton say?

A. You're right.

Q. All right. If Charles Shelton is going to say you didn't do it, then that would be contrary to what you've just answere [sic] that you did do it. Are you telling me you're not guilty of this crime, is that what you're saying?

A. No.

The motion court then sent movant to confer privately with counsel. When they returned movant declined the opportunity to withdraw his plea. After indicating his intention to proceed with his guilty plea, movant indicated to the motion court that he was indeed satisfied with counsel. He now says he is not satisfied and he only pled guilty because counsel was unprepared for trial.

■ The guilty plea transcript clearly shows movant was not afraid to voice his concerns. It also shows movant's concern was to "beat the case." Even while he was complaining about counsel movant did not say he was not guilty of the crime, and if he was innocent he would have said so. The unequivocal admission of guilt under these circumstances refutes any claim that the plea was involuntary. In a guilty plea a claim of ineffective assistance of counsel is only relevant to the extent it affects the voluntariness of the plea, and if the assertion of involuntariness is refuted by the plea transcript movant is not entitled to an evidentiary hearing. *Green v. State*, 708 S.W.2d 295, 297 [1, 3] (Mo.App.1986). Movant may have wanted to "beat the case," but he voluntarily chose to acknowledge his guilt and accept a plea bargain whereby he received the minimum possible sentence.

■ Movant's second claim of error concerns the following assertion in his motion:

Movant's attorney continued to represent movant despite an obvious conflict on [sic] interest. [Movant's attorney] had previously represented one of the victims. His former attorney-client relationship surely must have prevented him from zealously advocating movant's rights.

In its findings of fact the motion court acknowledges this claim and notes the victim-client was not named in the petition. This issue was, however, not dealt with in the motion court's conclusions of law. Movant argues we must remand for the court to rewrite its findings and conclu-

sions. We disagree. For movant to be entitled to an evidentiary hearing, the Rule 27.26 motion must state facts, not conclusions, which if true would warrant relief. *Allbritton v. State,* 747 S.W.2d 687, 688–89 [1] (Mo.App.1988). Movant's motion, as the motion court noted, failed to provide sufficient facts to warrant an evidentiary hearing. *See Ballard v. State,* 577 S.W.2d 932, 935 [9] (Mo.App.1979) (an assertion of a conflict of interest "without the benefit of explicative facts, cannot be seized upon to defeat the otherwise voluntary nature of [a] guilty plea"). Thus, remanding for further findings of fact and conclusions of law would be futile. *Townsend v. State,* 740 S.W.2d 328, 329 [4] (Mo.App.1987).

Judgment affirmed.

DOWD and REINHARD, JJ., concur.