Steven Alan **BARKER**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 55863.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 5, 1989.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Debra M. Miles, Asst. Atty. Gen., Jefferson City, for respondent.

HAMILTON, Judge.

Movant Steven A. Barker appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

On February 3, 1986, Movant entered guilty pleas to one count each of kidnapping, armed criminal action, rape, and sodomy. The trial court thereafter sentenced Movant to consecutive prison terms that totalled thirty-four years.

On May 25, 1988, Movant filed a *pro se* motion pursuant to Rule 24.035. Following her appointment, counsel for Movant filed a first amended motion, incorporating by reference the original Rule 24.035 motion. On October 26, 1988, the motion court overruled Movant's motion for post-conviction relief, denying it "without necessity of an evidentiary hearing."

On appeal, Movant asserts he was entitled to an evidentiary hearing to prove his allegation that he entered guilty pleas while under the influence of drugs. He contends these drugs "left him in a state of mind that was far from normal," thus rendering his pleas "involuntary and unknowing."

Appellate review of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.-035(j); *Chatman v. State*, 766 S.W.2d 724, 725 (Mo.App.1989). The findings, conclusions, and order of the trial court are clearly erroneous if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Moton v. State*, 772 S.W.2d 689, 691 (Mo.App.1989).

■ Pursuant to Rule 24.035(g), no evidentiary hearing is necessary if "the files and record of the case conclusively show that the movant is entitled to no relief...." Moreover, a movant is entitled to such a hearing only if (1) the Rule 24.035 motion alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters unrefuted by the files and record in the case; and (3) the matters complained of resulted in prejudice to movant's defense. *Chatman*, 766 S.W.2d at 725; *Ahart v. State*, 732 S.W.2d 256, 257 (Mo.App.1987) (construing analogous provision under Rule 27.26 (repealed)).

The record refutes Movant's allegation that he was unable knowingly and voluntarily to plead guilty because he was under the influence of drugs. As the following colloquy shows, the trial court at the guilty plea hearing questioned Movant in detail about his ingestion of drugs on that day.

Q. And you have had no drugs or alcohol in the past 24 hours, except you say you're taking Librium and allergy medicine is that correct?

A. Yes, sir.

Q. And does the Librium effect [sic] your ability to know and understand what you're doing here?

A. No, sir.

Q. Your mind is clear today?

A. Yes, sir.

Q. And this question in the petition asks the last seven days. Have you had any Librium in the last 24 hours?

A. I had Librium this morning.

Q. You did.

A. It is prescribed three times a day.

Q. I see. So you're taking it on a daily basis?

A. Yes, sir.

Q. And your allergy medicine, is that antihistamine?

A. Now, it's just some form of capsule.

Q. Does it make you sleepy?

A. No, sir.

Q. Does it effect [sic] your mind at all?

A. Not at all.

Q. And your mind is clear as far as you're concerned here today?

A. As far as I'm concerned, yes, sir.

In addition, on each of two occasions when the trial court asked Movant whether he was entering pleas of guilty freely and voluntarily, he responded, "Yes sir. I am." In answer to the trial court's inquiry, he also stated that he wanted the trial court to accept his plea. Movant's responses to these questions, as well as to others posed by the trial court, demonstrate that Movant was alert, coherent, able to respond intelligently, and able to understand the plea proceeding and its significance. He exhibited neither hesitation nor confusion during the plea hearing.

Merely ingesting drugs is insufficient to render a person incapable of pleading guilty. *Capraro v. State*, 715 S.W.2d 11, 12 (Mo.App.1986). Moreover, recent ingestion of drugs will fail to invalidate a plea of guilty where the defendant remains able to understand and to assent freely to the conviction. *Branstuder v. State*, 609 S.W.2d 460, 462 (Mo.App.1980). Movant's response that he had had no drugs or alcohol for one day preceding the plea hearing, except for Librium and allergy medication, and his responses to the trial court's detailed questions about those medications, coupled with his straightforward responses to the trial court's other inquiries, offer ample support in the record that he was not incapable of pleading guilty by reason of drugs. Movant was therefore not entitled to an evidentiary hearing.

Judgment affirmed.

DOWD, P.J., and SIMON, J., concur.