**Andre WOODS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56479.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 6, 1990.

Application to Transfer Denied
March 13, 1990.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Chief Judge.

Movant, Andre Woods, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

---

On November 17, 1987, movant pled guilty to two counts of tampering in the first degree. He was sentenced as a prior and persistent offender to a term of ten years on each count to be served concurrently.

On May 16, 1988, movant filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence pursuant to Rule 24.035. After assignment of counsel, a first amended motion and request for an evidentiary hearing were filed alleging trial counsel's ineffectiveness in advising movant to plead guilty at a time when movant was intoxicated; i.e., under the influence of cocaine. The state filed a motion to dismiss. The motion court sustained the state's motion and denied movant's Rule 24.035 motion without an evidentiary hearing. It is from this ruling that movant appeals.

Initially, we note that the motion court erred in failing to issue findings of fact and conclusions of law in denying movant's Rule 24.035 motion. Rule 24.035(i) provides, in relevant part, that the motion court "shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held...." The purpose of this requirement is to provide for meaningful appellate review of the motion court's order. *Short v. State*, 771 S.W.2d 859, 864[6] (Mo.App.1989). Ordinarily, we would remand this case directing the motion court to comply with the requirements of Rule 24.035(i), and we do not take lightly the motion court's failure to do so. However, since movant raises only one point on appeal which may be disposed of on the record before us, it would be in the best interests of both movant and judicial economy to address the merits of this appeal.

In his sole point, movant contends that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because he stated facts not clearly refuted by the record which, if true, would entitle him to relief. Specifically, movant alleged that he was intoxicated at the time of his guilty plea to such a degree that he did not understand the negative consequences of being sentenced as a prior and persistent offender, and that trial counsel was aware of his intoxication at the time of his plea. Despite this awareness, trial counsel advised movant to plead guilty. Movant listed three witnesses who supposedly would testify to the above allegations.

Appellate review of a motion court's ruling on a Rule 24.035 motion "shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(j); *Barker v. State*, 776 S.W.2d 451, 452 (Mo. App.1989). The findings, conclusions, and order of the motion court will be deemed clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *Id.*

Movant shall be entitled to an evidentiary hearing if: (1) he alleges facts, rather than conclusions, which, if true, would warrant relief; (2) the facts alleged raise matters which are not refuted by the files and record in the case; and (3) the matters complained of resulted in prejudice to movant's defense. *Id.* at 452[1]. Once a guilty plea results, adequacy of representation bears only upon whether the plea was voluntarily or knowingly made. *Sederes v. State*, 776 S.W.2d 479, 480[3, 4] (Mo.App. 1989).

The mere ingestion of drugs is insufficient to render a person incapable of pleading guilty. *Barker*, 776 S.W.2d at 453[2, 3]. Moreover, the recent ingestion of drugs fails to invalidate a guilty plea where the person remains able to understand and to assent freely to his conviction. *Id.*

The transcript of movant's guilty plea reveals the following colloquy between the movant and the trial court:

Q. You understand that by pleading guilty you waive all of your constitutional rights, you understand that?

A. Yes, sir.

Q. Did [trial counsel] explain to you the range of punishment?

A. Yes, sir.

Q. Okay, you know what you are doing?

A. Yes, sir.

Q. How far did you go in school?

A. To the eleventh grade.

Q. Your mother is in the court room, is she not?

A. Yes, sir.

Q. You had a chance to discuss your case with her?

A. Yes, sir.

Q. She understands you are pleading guilty?

A. Yes, sir.

Q. Now, you are in full understanding of the State's recommendation?

A. Yes, sir.

Q. It's pursuant to that recommendation that you are pleading guilty?

A. Yes, sir.

Q. Are you suffering from any mental disorder?

A. No, sir.

Q. Are you under the influence of drugs or alcohol at this time?

A. No, sir.

Movant clearly admitted that he was not under the influence of drugs and alcohol, and that he understood the consequences of pleading guilty. His responses are unequivocal and straightforward. The record clearly refutes his allegations that he was intoxicated at the time of his guilty plea such that he did not understand the negative consequences of being sentenced as a prior and persistent offender. Movant has failed to demonstrate that his plea was not voluntarily or knowingly made, and that his trial counsel advised him to plead guilty knowing he was in an intoxicated state. Finding movant's allegations refuted by the record, the judgment of the motion court is affirmed.

Judgment affirmed.

DOWD, P.J., and SIMEONE, Senior Judge, concur.