Byron TYLER, Appellant,

v.

STATE of Missouri, Respondent.

No. 56936.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 6, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 11, 1990.

Application to Transfer Denied
May 15, 1990.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Chief Judge.

Movant, Byron Tyler, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant was charged by indictment with one count of murder in the first degree in violation of § 565.020.1 RSMo 1986 (hereinafter, all statutory references shall be to RSMo 1986 unless otherwise noted), one count of assault in the first degree in violation of § 565.050.1, and one count of armed criminal action in violation of § 571.015.1. Pursuant to plea negotiations, the state filed a substitute information in lieu of indictment amending the charge of murder in the first degree to murder in the second degree in violation of § 565.021.1. In return, movant pled guilty to murder in the second degree, assault in the first degree, and armed criminal action. On October 21, 1988, the trial court sentenced movant to life imprisonment on each count to be served concurrently.

On December 28, 1988, movant filed a *pro se* motion under Rule 24.035, along with a request for an evidentiary hearing. After appointment of counsel, an amended motion was filed on April 28, 1989, which the motion court did not consider because it had not been verified by movant as required by Rule 24.035(f). On May 23, 1989,

the motion court denied the Rule 24.035 motion without an evidentiary hearing.

In his sole point on appeal, movant contends that the motion court's denial of his Rule 24.035 motion without an evidentiary hearing was clearly erroneous because "in alleging violation of his Missouri and federal constitutional rights to effective assistance of counsel by counsel's failure to investigate [movant's] mental condition and drug use, and counsel's advising [movant] to lie when asked about the assistance of counsel he received and the voluntariness of his pleas, [movant] had stated facts which, if true, would entitle him to relief under Rule 24.035." We note that movant has included other allegations of error in the argument portion of his brief that extend beyond the scope of his "Points Relied On." Appellate review is limited to those issues presented and preserved in the "Points Relied On." *Gover v. Empire Bank*, 574 S.W.2d 464, 468[1] (Mo.App. 1978). "A point made for the first time in the argument is not properly presented for review." *Carnahan v. American Family Mutual Insurance Co.*, 723 S.W.2d 612, 614[1] (Mo.App.1987). Thus, our review shall be confined to those contentions enunciated in movant's point.

Appellate review of a motion court's ruling on a Rule 24.035 motion "shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(j); *Barker v. State*, 776 S.W.2d 451, 452 (Mo. App.1989). The findings, conclusions, and order of the motion court will be deemed clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *Id.*

Movant shall be entitled to an evidentiary hearing if: (1) he alleges facts, rather than conclusions, which, if true, would warrant relief; (2) the facts alleged raise matters which are not refuted by the files and record in the case; and (3) the matters complained of resulted in prejudice to movant's defense. *Id.* at 452[1]. Once a guilty plea results, adequacy of representation bears only upon whether the plea was voluntarily or knowingly made. *Sederes v.*

*State,* 776 S.W.2d 479, 480[3, 4] (Mo.App. 1989).

■ Movant initially alleges that trial counsel's failure to investigate his mental condition and drug use resulted in ineffective assistance of counsel. Specifically, movant states that trial counsel was aware that, at the time of his guilty plea, movant was taking Haldol, a psychotropic medication, and should have prevented movant's guilty plea while under the influence of Haldol. Further, trial counsel should have requested a second psychiatric evaluation of movant.

Regarding the allegation concerning the second psychiatric examination, the transcript of movant's guilty plea reveals the following colloquy between movant and the trial court:

Q. Did you tell your lawyer what happened ... that resulted in your being arrested and charged with these crimes?

A. Yes, ma'am.

Q. Was there anything you wanted her to do in preparing that case that she refused to do?

A. No, ma'am.

Q. Has she answered all of your questions concerning this case?

A. Yes, ma'am.

Q. Do you believe that she's given you and your case enough time and discussed it enough with you?

A. Yes, ma'am.

Q. Do you have any witnesses that you want her to call?

A. No, ma'am.

Q. Do you have any complaints or any criticisms concerning your lawyer?

A. No, ma'am.

Q. Are you satisfied with the legal services of your lawyer?

A. Yes, ma'am.

Movant clearly stated that he was satisfied with the performance of his trial counsel, and that there was nothing further he wished her to do.

■ Moreover, the contention as to a second psychiatric examination does not appear in the pleadings in the motion court. As to the drug matter, the mere ingestion of drugs is insufficient to render a person incapable of pleading guilty. *Barker,* 776 S.W.2d at 453[2, 3]. Recent drug ingestion will fail to invalidate a guilty plea where the person remains able to understand and to assent freely to his conviction. *Id.* An analysis of the transcript of the guilty plea reveals that the trial court thoroughly discussed with movant that he could elect to proceed to trial, that the state would have the burden of proving beyond a reasonable doubt each charge pending against movant, and that, if convicted, movant could appeal to a higher court. When asked if he understood that, by pleading guilty, movant was waiving these rights, movant replied, "Yes, ma'am."

Finally, a thorough review of all movant's responses to the trial court's questioning reveals unequivocal, straightforward, lucid answers. We fail to see, and movant has failed to demonstrate how trial counsel's failure to request a second psychiatric evaluation and failure to prevent the guilty plea knowing that movant was taking Haldol has rendered movant's guilty plea involuntary or unknowing. Movant's contentions are without merit.

Movant further alleges that he was denied effective assistance of counsel because trial counsel advised movant to lie when asked about the assistance trial counsel had rendered him and the voluntariness of his guilty plea. The transcript of the guilty plea indicates that the following query was made of movant by the trial court:

Q. Now, has anyone instructed you or told you to say anything to me that is not the truth or to withhold any facts from me?

A. No, ma'am.

The record clearly refutes movant's contention that his trial counsel instructed him to lie. This contention is denied.

Judgment affirmed.

DOWD, P.J., and JOSEPH J. SIMEONE, Senior Judge, concur.