Anthony Jon **ROBINSON**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 56926.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 15, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 14, 1990.

Application to Transfer Denied
July 31, 1990.

Michael D. Burton, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Chief Judge.

Movant, Anthony Robinson, appeals the denial of his Rule 24.035 motion without an evidentiary hearing.   We affirm.

On November 28, 1988, movant pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) to one count of robbery in the first degree in violation of § 569.020 RSMo 1986 and one count of armed criminal action in violation of § 571.015 RSMo 1986. On February 17, 1989, after a pre-sentence investigation, he was sentenced to fifteen years imprisonment for each count to be

served concurrently. This sentence was made consecutive to a previously imposed sentence entered in an unrelated case.

On March 2, 1989, movant filed a *pro se* motion under Rule 24.035. After appointment of counsel, leave was granted to file an amended motion. An amended motion was never filed, but appointed counsel did request an evidentiary hearing. On May 25, 1989, the motion court denied movant's Rule 24.035 motion without an evidentiary hearing.

On appeal, movant alleges that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because he alleged sufficient facts regarding ineffective assistance of counsel to warrant a hearing, to-wit; trial counsel failed to contact, interview, or prepare to call at trial movant's girlfriend who would have been able to testify to movant's alibi. Movant further argues that the record "does not refute that [trial counsel] focused only on obtaining a guilty plea," and that the motion court erred in relying upon movant's purported expression of satisfaction with trial counsel.

■ To be entitled to an evidentiary hearing on a 24.035 motion: (1) movant must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and record in the case; and (3) the matters complained of must have resulted in prejudice to movant's defense. *Barker v. State*, 776 S.W.2d 451, 452[1] (Mo.App.1989).

■ Appellate review of a motion court's ruling on a Rule 24.035 motion "shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(j); *Barker*, 776 S.W.2d at 452. The findings and conclusions of the motion court will be deemed clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *Barker*, 776 S.W.2d at 452. A claim of ineffective assistance of counsel, in a post-conviction motion, is only relevant to the extent it affects the voluntariness of the plea, "and if the assertion of involuntariness is refuted by

the plea transcript movant is not entitled to a hearing." *Bridges v. State*, 758 S.W.2d 168, 169[2] (Mo.App.1988).

■ At the plea hearing, movant complained about his attorney's lack of preparation. Trial counsel addressed the concerns that movant had mentioned. Upon reflection, movant stated that he was not aware of the circumstances surrounding his attorney's actions. Movant then voluntarily chose to enter the *Alford* plea. The transcript of movant's *Alford* plea reveals the following colloquy between movant and the trial court:

COURT: Well, you heard his statement and possibly it covers most of the things that you were concerned about. Is there anything else that you feel that he should have done that he has not done other than the things we just talked about?

DEFENDANT: No.

COURT: So then I can assume that you are satisfied in view of his explanation as to how he handled the matters although it was unknown to you, is that correct?

DEFENDANT: Yes, sir.

Movant clearly admitted that he was satisfied with trial counsel's representation. The motion court, in its findings of fact, acknowledged that movant had voiced complaints regarding trial counsel's lack of preparation and found that "movant conceded that [trial counsel] apparently had 'done his job' and that movant was now satisfied with [trial counsel's] representation." Movant made clear that he fully understood the proceedings and that his plea was voluntary. We cannot say the motion court was clearly erroneous in denying an evidentiary hearing.

Judgment affirmed.

DOWD, P.J., and JOSEPH J. SIMEONE, Senior Judge, concur.