**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Esau TRUST, Defendant/Appellant,**

**Esau TRUST, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 57642, 59043.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 6, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 25, 1991.

Application to Transfer Denied
Nov. 19, 1991.

Susan L. Hogan, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

In this consolidated appeal, defendant contests convictions of first degree robbery, § 569.020 RSMo 1986, and armed criminal action, § 571.015 RSMo 1986. Defendant also appeals denial of his Rule 29.15 motion. We affirm.

Darren Carter was robbed in a McDonald's parking lot on September 16, 1988. Carter went home to his family. They urged him to report the robbery to the police. While at the police station, Carter was shown numerous mug shots. He was unable to identify anyone in the pictures as his assailant.

Five days later, a detective brought two photo line-ups to Carter's home. From one set of six mug shots, Carter identified the defendant, Esau Trust, as the robber. Carter and the detective signed and dated the back of defendant's picture.

At trial, identity of the robber was the central issue. Defendant presented an alibi defense. While Carter was testifying, the prosecution presented the set of mug shots Carter had used to identify defendant. The detective who arranged the photo line-up also testified. Together, the testimony of Carter and the detective established the procedure followed in the identification process. At the close of the state's evidence, the court allowed the jury to view the photo line-up pictures.

■ Defendant's first point on appeal alleges error in allowing the jury to see the pictures because jurors would readily identify the pictures as mug shots. From this observation, jurors may draw the inference defendant was previously arrested. Defendant contends this inference is unduly prejudicial because the pictures implicate him in other crimes not related to this case. We find no legal basis to support defendant's position.

"Mug shots may be admitted and then viewed by the jury when all identifying information is masked, the defendant's identity is in issue and they will help the jury determine the accuracy of the identifi-

cation." *State v. Luckett,* 770 S.W.2d 399, 403 (Mo.App.1989). In this case, all the necessary criteria were met. The identity of the men was covered, identity was at issue and the pictures were probative. They permitted the jury to evaluate how Carter made the identification and how reliable the identification may have been. Therefore, this point of contention fails.

■ The second point on appeal alleges MAI–CR 3d 302.04 is unconstitutional. The instruction defines reasonable doubt in terms of the standard of "firmly convinced." Basing his contention on *Cage v. Louisiana,* —— U.S. ——, 111 S.Ct. 328, 330, 112 L.Ed.2d 339 (1990), defendant claims this definition diminishes the meaning of proof beyond a reasonable doubt. This court recently decided this issue in *State v. Turner,* 810 S.W.2d 92 (1991). In that case, we decided *Cage v. Louisiana* did not warrant further examination of *State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988) which upheld the language in question. Point denied.

■ Defendant's final point involves denial of Rule 29.15 relief where counsel was ineffective because the prosecution used the word robbery to describe the event without objection from defense counsel. This point is meritless because of the alibi defense presented. In establishing this defense, essentially defendant concedes a robbery may have occurred but alleges he was not involved. The fact a robbery occurred is not a contested issue, therefore, no prejudice resulted from defense attorney's failure to object to prosecutor's terminology.

We affirm.

SMITH, P.J., and AHRENS, J., concur.