**Brian WATT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 60516.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 2, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Ellen A. Blau, David C. Hemingway, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Movant, Brian Watt, appeals the denial of his Rule 24.035 motion without an evidentiary hearing.

Movant was indicted on August 11, 1989 for first-degree burglary (Count I), second degree assault (Count II), forcible rape (Count III), and two counts of forcible sodomy (Counts IV and V). Pursuant to a plea agreement, the state nolle prossed Counts I, II, IV, and V and movant entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the forcible rape charge (Count III).

The prosecutor stated that the evidence would show that at approximately 2:30 a.m. on July 22, 1989, Mrs. J.E. was assaulted by movant. Movant beat her with his fists and then had sexual intercourse with her

without her consent. Movant then forced Mrs. J.E. into acts of oral and anal intercourse against her will. The prosecutor further stated that after the assault, movant identified himself, apologized and accompanied Mrs. J.E. to Barnes Hospital where she identified movant as her assailant. Movant was then arrested.

On July 24, 1989, movant underwent a mental examination and evaluation. Movant was found to be mentally fit to proceed. He was arraigned and entered his plea to the rape charge. Movant's attorney explained that the reason for the Alford plea is that the psychiatric team at State Hospital found movant to have an organic brain disorder due to a childhood accident resulting in problems of memory loss. When questioned by the trial judge at the hearing, movant agreed that the state could prove its case based on the testimony of Mrs. J.E. although he had no memory of the incident.

Movant's guilty plea was accepted and he was sentenced to a term of twenty five years' imprisonment for the rape conviction. On March 19, 1991, movant timely filed a pro se Rule 24.035 motion alleging that his counsel failed to 1) maintain contact with him; 2) adequately explain the consequences of a guilty plea; 3) contact witnesses; 4) keep promises; 5) keep him informed; and that he had no conscious memory of said offense. On March 26, 1991, counsel was appointed and was granted till May 27, 1991 to file an amended motion. On May 24, 1991 counsel filed an amended motion which lacked verification as required by Rule 24.035(f), and a motion for an evidentiary hearing. The amended motion alleged essentially, ineffective assistance of counsel in that counsel failed to: 1) exercise the skill and diligence of a reasonably competent attorney; 2) meet with movant to adequately prepare movant's case; 3) adequately explain the consequences of pleading guilty; 4) contact and/or call to testify defense witnesses; and 5) pursue adequately a defense of not guilty by reason of mental disease or defect. On May 28, 1991, one day after the time limit for filing an amended motion had expired, movant's verification of the previously filed amended motion was filed. The verification did not contain the proper language i.e., "declaring that [movant] has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion." Rule 24.035(d). On June 6, 1991, the motion court without an evidentiary hearing entered its findings, conclusions, and order denying movant's motion for post conviction relief.

On appeal, movant contends that the motion court erred in denying him an evidentiary hearing in that 1) counsel's failure to interview his witnesses rendered his plea involuntary and 2) counsel failed to adequately pursue the defense of mental disease or defect on the basis that he agreed to plead after discussing the alternatives which were based on inadequate research and advice by trial counsel. We affirm.

At the outset, we note that there is a discrepancy as to the spelling of movant's name in the indictment and other documents and the way movant signs his name. This discrepancy appears to pose no problem.

The amended motion does not differ significantly from the pro se motion. It incorporated by reference each point and allegation of the pro se motion. Additionally, counsel expanded and stated in legal form three of movant's allegations. Counsel also developed an additional claim of error for failure to pursue a defense of mental disease or defect based on movant's statements in his pro se motion. Further, the motion court acknowledged the problem with the verification and stated in its findings of fact and conclusions of law that the grounds alleged in the amended motion are the same as the grounds set forth in the pro se motion. In addition, the motion court addressed each ground raised in the amended and pro se motions and found all grounds to be refuted by the record of the guilty plea proceeding.

■ Turning to the points on appeal, we note that appellate review is limited to a determination of whether the findings, con-

clusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Robinson v. State*, 792 S.W.2d 27, 28 [2, 3] (Mo.App.1990). The motion court's findings and conclusions are clearly erroneous if, upon review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Id.* When reviewing a guilty plea, a claim of ineffective assistance of counsel is relevant only to the extent it affects the voluntariness of the plea. *Id.* If the claim of involuntariness is refuted by the plea transcript, movant is not entitled to an evidentiary hearing. *Id.*

■ The motion court in its findings of fact and conclusions of law, states that the record reflects that movant understood the charges, ranges of punishment for each charge, and the sentencing recommendation by the state. Further, the motion court found that movant understood the rights he was giving up by pleading guilty, that he entered his plea voluntarily, and that no promises had been made causing him to plead guilty. Thus, we find that movant agreed that the state could prove its case and that he understood his rights and the reasons for and consequences of entering a plea of guilty. Additionally, movant indicated that he was responsible for the act and that he did not want to drag the victim into court. When questioned as to his mental disorder and the possibility of going to trial and pursuing a defense of mental defect, movant stated that he had discussed his options with his attorney and his father and the plea agreement was the best alternative. Movant further stated that his attorney told him to tell the truth and that no promises or threats were made in order to elicit his guilty plea. He also stated that he was satisfied with the job his attorney had done. It is clear that movant entered his plea of guilty voluntarily, knowingly, and intelligently. Thus, the motion court did not err in denying the request for an evidentiary hearing.

We conclude that the record refutes movant's claims on appeal. Therefore, the mo-

tion court's findings and conclusions were not clearly erroneous.

Judgment affirmed.

CARL R. GAERTNER, C.J., and CRANE, J., concur.