STATE of Missouri, Respondent,

v.

Loren WEBER, Appellant.

Loren WEBER, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 58808, 61551.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1992.

---

Robert K. Kerr, Clayton, William J. Swift, Columbia, David Bruns, St. Louis, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Loren Weber, appeals from his jury trial conviction of one count of rape pursuant to RSMo § 566.030 (1986); one count of armed criminal action pursuant to RSMo § 571.015 (1986) and one count of first degree burglary pursuant to RSMo § 569.160 (1986). We affirm in part and remand in part for an evidentiary hearing oñ a Rule 29.15 motion.

The uncontradicted evidence in this case establishes that on August 27, 1989, S.K. returned to her apartment at approximately 1:00 a.m. after picking up a few groceries. Shortly after S.K. entered her apartment through the back door, she heard the front door creak. A man armed with a knife came running at her.

The assailant threatened to kill S.K. if she did not stop screaming and, with his knife at her throat, forced her into the bedroom. S.K. was instructed to remove her clothing, at which time the assailant had sexual intercourse with her. Afterward, the man left the bedroom, grabbed S.K.'s wallet, and ran out the back door.

S.K. immediately dialed 911. A short time later when an officer arrived, S.K. reported that she had been raped. While she was taken to a local hospital for examination and treatment, the reporting officer continued his investigation of the crime scene. He discovered that a screen at the victim's apartment had been pushed in, indicating a forcible entry. Footprints were also located beneath the window.

With the help of S.K., a police composite picture of the assailant was prepared. Approximately one week after the attack, S.K. was transported to the police station where she was asked to view a line-up. At that time, S.K. identified the appellant as the man who attacked and raped her on the night of August 27th.

On May 11, 1990, appellant was convicted by a jury of the three counts for which he was charged. Appellant was sentenced as a Class X offender to concurrent terms of thirty years' imprisonment on each conviction. A timely *pro se* Rule 29.15 motion for post-conviction relief was filed, followed by a timely amended motion. The 29.15 motion was denied by the motion court without an evidentiary hearing. This consolidated appeal followed.

Appellant raises four issues on appeal. First, appellant argues the trial court erred by refusing to allow S.K. to be questioned about her prior treatment for schizophrenia. Appellant asserts such evidence was critical for determining the credibility of S.K.'s testimony.

Before the presentation of opening statements, S.K. testified outside the presence of the jury that in the late 1970's and early 1980's she had been diagnosed as suffering from schizophrenia. She also indicated that she was presently taking an "antipsychotic" drug, Stelazine, because she was "high strung." Besides Stelazine, S.K. testified she was taking Artane, a muscle relaxer, and Xanax, a tranquilizer. S.K. stated that she was currently under psychiatric care for depression and loneliness. When questioned by the court, S.K. asserted the medication she was taking in no way affected her ability to think clearly.

After this interview, the court determined that questions regarding S.K.'s current condition and treatment would be acceptable during trial. However, the court found that questions as to her diagnosis and treatment for schizophrenia ten years earlier would not be allowed.

■ It is well recognized that on review a jury verdict will be upheld unless there is a complete absence of probative facts to support the verdict. *Minden v. Otis Elevator Co.*, 793 S.W.2d 461, 462 (Mo.App., E.D.1990). We will review all evidence in the light most favorable to the verdict. *Id.* In addition, the scope and extent of cross-examination is firmly within the discretion of the trial court. *State v. Hyde*, 735 S.W.2d 746, 747–748 (Mo.App., E.D.1987). Under such standards of review, we find no error on this point.

■ The Southern District has held "the existence of mental derangement may be shown to discredit a witness provided it affected the witness at the time of the incident testified to, or while he is on the

stand or in the meantime so as to cripple his powers of recollection." *State v. Pinkus,* 550 S.W.2d 829, 840 (Mo.App., S.D. 1977). There was no evidence presented that S.K.'s diagnosis of schizophrenia approximately ten years before the trial affected her perception at the time of the attack, at the time of her testimony, or any time in between. In fact, she testified that she was currently being treated only for depression and loneliness.

Additionally, in a 1988 case out of this district, a trial court's grant of a motion in limine on a similar issue was upheld. *See, State v. Wells,* 752 S.W.2d 396 (Mo.App., E.D.1988). The trial court in *Wells* refused to allow evidence that a witness for the prosecution had been confined at a mental institution seven years before trial. This court sustained the ruling of the lower court stating that cross-examination on this point is both "stale and irrelevant" as to the credibility of the witness. *Id.* at 399. We find the fact that S.K. was diagnosed and treated for schizophrenia ten years before the trial in this matter to be equally "stale and irrelevant." Point denied.

The second point asserted by appellant suggests trial court error in failing to grant a continuance to allow a body attachment to compel the attendance of a subpoenaed witness. Appellant claims the witness, Cindy Kreeger, would have provided evidence to corroborate the defense of misidentification.

■ A decision to grant or deny a request for a continuance rests within the sound discretion of the trial court. *State v. Schaal,* 806 S.W.2d 659, 666 (Mo. banc 1991). Only upon a very strong showing of abuse of that discretion will we reverse the actions of the trial court. The party requesting the continuance bears the burden of proving any prejudice. *Id.*

■ We find no abuse of discretion on the facts before us. Because the testimony of Cindy Kreeger was sought merely to corroborate testimony already in the record as to the misidentification of appellant, and because the production of her testimony would have required a fairly substantial delay in a relatively short proceeding, we find the decision to deny the continuance well within the discretion of the trial court. Point denied.

The third point raised by appellant alleges error based on the trial court's denial of an evidentiary hearing on the Rule 29.15 motion. Appellant claims ineffective assistance of counsel due to the failure of appellant's trial counsel to obtain the most recent medical records of the victim, S.K.. According to appellant, these records would have indicated that S.K. was being treated for schizophrenia at the time of trial, and this evidence could have been admitted to go to the credibility of S.K.'s testimony.

■ Our review of a denial of post-conviction relief is limited to a determination as to whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 29.15(j); *State v. Vinson,* 800 S.W.2d 444, 448 (Mo. banc 1990). Such findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a firm impression that a mistake has been made. *Day v. State,* 770 S.W.2d 692, 695–6 (Mo. banc 1990).

■ In order for appellant to be entitled to an evidentiary hearing, he must plead facts, not conclusions, which are not refuted by the record and which, if true, would entitle movant to relief. *Tyler v. State,* 787 S.W.2d 778, 779 (Mo.App., E.D.1990). Moreover, appellant must show the matters complained of resulted in prejudice. *Id.*

■ Our review of the record leads us to conclude that the motion court's denial of appellant's Rule 29.15 motion without an evidentiary hearing was in error. In his first amended motion, appellant asserted that counsel became aware S.K. was currently under psychiatric treatment on March 16, 1990. However, counsel failed to attempt to gain access to the resulting medical records until approximately six weeks later, with only a week remaining before trial. Additionally, the transcript indicates that though the court chose to begin trial before counsel had accessed S.K.'s current medical records, the opportu-

nity was left open for counsel to obtain and utilize the records. In fact, the trial judge established that if the records were obtained after S.K. had testified, the court would allow her to be called back to the stand for questioning her regarding the records. The medical records never materialized.

Based on the foregoing, we find that appellant was deserving of an evidentiary hearing. His motion pled facts, not merely conclusions. We find that these facts were not adequately refuted by the record. Finally, we agree that if these allegations are found to be true, they could alter the outcome of the trial. Thus, the motion court erred in dismissing appellant's Rule 29.15 motion without an evidentiary hearing.

Lastly, appellant argues error based on utilization of a jury instruction defining "reasonable doubt" as "firmly convinced." As respondent correctly points out, this definition has been repeatedly addressed by Missouri courts and upheld at every turn. *State v. Waller*, 816 S.W.2d 212, 218 (Mo. banc 1991); *State v. Trust*, 817 S.W.2d 528, 529 (Mo.App., E.D.1991). Point denied.

Based on the foregoing, the judgment of conviction is affirmed. The order dismissing appellant's Rule 29.15 motion is remanded for further proceedings.

SMITH and CRANDALL, JJ., concur.