Iris HEMPEN, Plaintiff-Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant-Appellant.

No. 66144.

Supreme Court of Missouri,
En Banc.

April 2, 1985.

Rehearing Denied April 30, 1985.

Gerre S. Langton, Sam P. Rynearson, St. Louis, for defendant-appellant.

Norman A. Selner, Corey S. Berger, St. Louis, for plaintiff-respondent.

DONNELLY, Judge.

Defendant State Farm Mutual Automobile Insurance Company appeals from a declaratory judgment in which the trial court found plaintiff, Iris Hempen, entitled to recover under the medical payments coverage in her State Farm policy insuring her 1969 Volkswagen. Plaintiff was injured while riding in a 1967 Chevrolet she owned jointly with her husband, Lloyd H. Hempen, who was driving at the time of the accident. Both cars were insured by State Farm under separate but identical policies providing "medical payments coverage" in the amount of $5,000. The parties stipulated that plaintiff's injury-related medical bills exceeded $10,000. State Farm paid $5,000 on the Chevrolet policy, but refused payment under the Volkswagen policy. The issue before this Court is whether plaintiff, who owned, either alone or with her husband, both cars and purchased coverage in separate but identical policies, may stack the medical payments coverage in the Volkswagen policy upon that in the Chevrolet policy.

When there is no statute or public policy requiring the inclusion of coverage in an automobile policy, the insured and insurer are free to define coverage by their agreement. *Douthet v. State Farm Mutual Automobile Ins. Co.*, 546 S.W.2d 156, 157 (Mo. banc 1977). Unless policies are ambiguous, they must be enforced by the courts as written. *Farm Bureau Town &*

*County Ins. Co. of Missouri v. Hughes,* 629 S.W.2d 595, 598 (Mo.App.1981).

In *Cameron Mutual Insurance Co. v. Madden,* 533 S.W.2d 538 (Mo. banc 1976), we considered the question of stacking medical payments coverage when a single policy insured two automobiles and contained no language preventing such stacking. The single policy was ambiguous as to how the medical payments provisions were to apply with respect to the multiple vehicles. We held such provisions to apply separately and individually to each rather than on a blanket or unified basis. This was a consequence of the effect of the separability clause in the policy, the payment of two separate premiums as if separate policies had been issued, and the fact that the insurer could have limited coverage by so stating in clear and unambiguous language. Accordingly, we held that absent language specifically prohibiting such a result, each separate premium paid for specified medical payments coverages produces for the insured that much additional protection for medical expenses incurred in a covered accident.

■ In this case, however, the vehicles were insured in separate policies. The *Madden* ambiguity, which resulted from insuring multiple vehicles in a single policy, is not present. Rather, the relevant portions of each policy unambiguously limit medical payments coverage to injuries caused by the specific vehicle covered by the policy. Thus, the medical payments section in each policy states (emphasis in the policies, indicating defined terms):

We will pay medical expenses for *bodily injury* sustained by:

1.  a.  the first *person* named in the declarations,

b.  his or her *spouse;* and

c.  their *relatives.*

These *persons* have to sustain the *bodily injury:*

a.  while they operate or *occupy* a vehicle covered under the liability section, or

b.  through being struck as a pedestrian by a motor vehicle or trailer.

The liability section contains this statement:

We will:

1.  pay damages which an *insured* becomes legally liable to pay because of:

a.  *bodily injury* to others, and

b.  damage to or destruction of property including loss of its use,

caused by accident resulting from the ownership, maintenance or use of *your car;*

The definition page of the policy defines "your car" as "the vehicle described on the Declarations Page." The declarations page of the Volkswagen policy describes the 1969 Volkswagen; that of the Chevrolet policy the 1967 Chevrolet.

The Volkswagen policy contains the coverage plaintiff seeks to be stacked. When these sections of the Volkswagen policy are read together and applied to plaintiff's circumstances, they provide only that the insurer will pay reasonable medical expenses for injuries sustained by the plaintiff that were caused by accident resulting from ownership, maintenance or use *of the 1967 Volkswagen.* Because the Volkswagen was not involved in the accident, plaintiff is entitled no medical coverage under this policy.

Moreover, *Madden* provides that a policy may clearly and explicitly spell out the intention to limit liability to single coverage and thus foreclose stacking. Here, the following portion of the medical payments section of the Volkswagen policy clearly expresses the intention to limit coverage to injuries caused by the insured vehicle or vehicles:

THERE IS NO COVERAGE:

4.  FOR MEDICAL EXPENSES FOR *BODILY INJURY:*

a.  SUSTAINED WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY A VEHICLE OWNED BY *YOU, YOUR SPOUSE,* OR ANY *RELA-*

*TIVE,* WHICH IS NOT INSURED UNDER THIS COVERAGE; * * *

Plaintiff contends that "this coverage" does not clearly and explicitly refer to the Volkswagen policy, and that if that were the intention, another expression such as "this policy" should have been used. We regard the language used to be sufficiently unambiguous as a matter of contract as to preclude our interference. *See Hughes, supra,* 629 S.W.2d at 597.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.