736 P.2d 798

KEMA STEEL, INC., an Arizona corporation; and Industrial Indemnity Company, a California corporation, Plaintiffs/Appellees,

v.

The HOME INSURANCE COMPANY, a New Hampshire corporation, Defendant/Appellant.

Nos. 2 CA–CV 5934, 2 CA–CV 5935.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 11, 1986.

Reconsideration Denied Feb. 5, 1987.

Review Denied April 7, 1987.

Meyer, Vucichevich & Cimala by George R. Ferrin, Phoenix, for plaintiff/appellee Kema Steel, Inc.

Teilborg, Sanders & Parks by John C. Gemmill, Phoenix, for plaintiff/appellee Indus. Indem. Co.

Campana, Vieh & Strohm by James E. Vieh and William F. Shore, III, Scottsdale, for defendant/appellant.

OPINION

HOWARD, Presiding Judge.

This is an appeal from the granting of summary judgments in a declaratory judg-

ment action. The genesis of this action was the filing by Charles W. Young and Linda A. Young of a complaint in the superior court naming as a defendant Kema' Steel, Inc. The complaint alleged, inter alia, that Mr. Young was an employee of Kema Steel and that Kema Steel was negligent in failing to procure major medical insurance for Young and his dependents. In the complaint, the Youngs alleged that as a direct and proximate result of Kema Steel's negligence, they suffered bodily injuries (emotional distress). The Youngs also alleged that Kema Steel breached its contract to procure medical insurance for Young and as a direct result of that breach, the Youngs had suffered financial damage.

Kema Steel was insured by Home Insurance Company, which had issued Kema Steel a business-owner's insurance policy, including broad form comprehensive general liability coverage. Kema Steel requested Home Insurance to defend the lawsuit filed by the Youngs. Home Insurance refused to defend Kema Steel, claiming that the Home policy did not cover Kema Steel for the allegations made by the Youngs.

Kema Steel was also insured by Industrial Indemnity Company, which had issued an umbrella policy covering Kema Steel. As a result of Home's denial of the coverage and refusal to defend, Industrial Indemnity Company undertook the defense of Kema Steel.

Kema Steel and Industrial Indemnity filed a declaratory judgment action naming Home Insurance as a defendant, seeking a decision requiring Home Insurance to fulfill its contractual obligations to defend Kema Steel and to pay any judgment rendered in that action. Home Insurance filed a counterclaim seeking a determination that its policy did not provide coverage for the claim made by the Youngs and that Home was not required to defend Kema Steel. Cross motions for summary judgment were filed. The trial court denied Home's motion for summary judgment and granted Kema Steel's and Industrial Indemnity's motions for summary judgment, ruling that Home's policy provided coverage for both the breach of contract and negligence claims made by the Youngs. The court further ruled that Home was obligated to defendant Kema Steel and that the mental stress and suffering claimed by the Youngs as an element of their damages was included within Home's coverage for "bodily injury." The trial court awarded attorney's fees to both Kema Steel and Industrial Indemnity and ordered Home to reimburse Industrial Indemnity for the amount it expended, $70,000, in settling the Young claim. This appeal followed.

■ Home's policy contains the following language concerning its coverage:

"The company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, *caused by an occurrence....*" (Emphasis added.)

The word "occurrence" is defined in the policy as follows:

"*[O]ccurrence means an accident,* including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the Insured." (Emphasis added.)

It is appellees' contention, with which the trial court apparently agreed, that the "occurrence" in this case was the filing of the lawsuit by the Youngs, which Kema Steel contends was neither expected nor intended. We do not agree with appellees. Occurrence, under the terms of the policy, means an accident. Appellees have not cited to us nor have we been able to find any cases which hold that the filing of a lawsuit is an "accident" under the terms of a liability insurance policy. In any event, the accident (the filing of the lawsuit) must result in bodily injury or property damage. The filing of the lawsuit in this case did not result in bodily injury or property damage to the Youngs.

There being no accident in this case, Home Insurance provided no coverage and the trial court erred in denying its motion for summary judgment. The judgments in favor of appellees are vacated and set aside

and the superior court is directed to enter judgment in favor of appellant Home Insurance and against appellees Kema Steel and Industrial Indemnity Insurance.

HATHAWAY, C.J., and FERNANDEZ, J., concur.

## SUPPLEMENTAL OPINION ON REHEARING

## MOTION FOR RECONSIDERATION DENIED

HOWARD, Presiding Judge.

█ In their motion for rehearing Kema Steel and Industrial Indemnity contend we made an erroneous and unfounded assumption that they were contending that the triggering occurrence was the filing of the complaint by Young. They claim that their contention was that the "occurrence" was the failure of Kema Steel to provide major medical health insurance to Mr. Young as promised. We quote directly from Industrial Indemnity's answering brief:[1]

"II. THE TRIAL COURT CORRECTLY RULED THAT THE CLAIMS MADE BY THE YOUNGS CONSTITUTED 'OCCURRENCES' AS DEFINED BY THE HOME INSURANCE POLICY."

We did not make an unfounded or erroneous assumption, but, assuming arguendo that we did, the failure to provide the alleged promised coverage was not an accident within the meaning of the policy even though it caused "emotional distress." It was a breach of contract.

The motion for reconsideration is denied.

HATHAWAY, C.J., and FERNANDEZ, J., concur.

---

1. Kema Steel did not file a separate brief. It joined in the brief of Industrial Indemnity.