**PACE CONSTRUCTION COMPANY, Appellant,**

**v.**

**UNITED STATES FIDELITY AND GUARANTY INSURANCE COMPANY, and Twin City Fire Insurance Company, Appellees.**

No. 90–1128.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1990.

Decided May 30, 1991.

Rehearing Denied July 8, 1991.

Charles Alan Seigel, St. Louis, Mo., for appellant.

William Sitzer, St. Louis, Mo., for appellees.

---

Before MCMILLIAN and BEAM, Circuit Judges, and ROSENBAUM,* District Judge.

ROSENBAUM, District Judge.

Pace Construction Company (Pace) appeals from the judgment of the district court[1] granting the motions of United States Fidelity and Guaranty Company (USF & G) and Twin City Fire Insurance Company (Twin City) for summary judgment and denying Pace's motion for summary judgment. The district court found that the language in two separate insurance policies issued by the insurers did not cover a judgment owed by Pace to its prime contractor, Fred Weber, Inc. (Weber). The district court found that Pace's breach of its contractual duty to procure insurance for Weber was not an "occurrence" covered by either policy. We affirm.

I.

The facts are undisputed. Weber was the prime contractor on a Missouri highway construction project. On March 7, 1983, Weber subcontracted a part of this project to Pace. Under the terms of the subcontract, Pace was to procure the insurance required of prime contractors and was to include Weber as a named insured. Pace did not provide the agreed-upon coverage.

Pace, itself, was a named insured in two insurance policies. The first was a comprehensive general liability insurance policy, in the aggregate amount of $500,000, issued by USF & G. The USF & G policy covered Pace for "all sums which the Insured shall become legally obligated to pay as damages because of A. bodily injury ... to which this insurance applies, caused by an occurrence ...."[2] Appendix at 63. The second policy, issued by Twin City, was an umbrella liability policy providing indemni-

fication coverage in the aggregate amount of $10,000,000. The Twin City policy provided coverage "for ultimate net loss in excess of the underlying limit ... because of: (a) bodily injury, ... to which this insurance applies, caused by an occurrence ...." Appendix at 81. Each policy defined "occurrence" as an accident resulting in bodily injury neither expected nor intended by the insured. Appendix at 59, 84.

On July 13, 1983, Jonathan Adams sustained serious bodily injuries in a motorcycle accident which occurred on a highway ramp under construction by Weber and Pace. Adams sued Weber and Pace in the United States District Court for the Southern District of Illinois and Weber filed a third party complaint against Pace for indemnity and contribution. Trial was held on the Adams complaint and a jury awarded Adams the sum of $1,152,000, apportioned between Weber (60%) and Pace (40%). *Adams v. Fred Weber, Inc.*, No. 84 5039 (S.D.Ill. April 25, 1986).

Approximately one year later, following a court trial on Weber's third party complaint against Pace, judgment was entered in favor of Weber. *Adams v. Fred Weber, Inc.*, No. 84 5039 (S.D.Ill. April 27, 1987). The court found that Pace had breached its subcontract agreement by failing to name Weber in an insurance policy and concluded that Weber was entitled to $352,847.22 (60% of the $500,000 which would have been available had Pace named Weber as an insured in the USF & G policy, plus attorney's fees). The United States Court of Appeals for the Seventh Circuit affirmed both judgments against Pace. *Adams v. Fred Weber, Inc.*, 849 F.2d 1018 (7th Cir. 1988). No further appeal was taken from this judgment. Thereafter, USF & G provided coverage for Pace's share of the Adams judgment ($460,800), but neither USF & G nor Twin City would pay the

---

* The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. The USF & G policy also included a provision providing coverage for liability assumed by the insured in an "incidental contract." The policy defined the term incidental contract as "any oral or written contract or agreement relating to the conduct of the named insured's business." Appendix at 73.

Weber indemnity and contribution judgment.

Pace satisfied the Weber judgment and initiated its declaratory judgment action to compel reimbursement from USF & G and Twin City, on September 27, 1988, in the United States District Court for the Eastern District of Missouri. Pace seeks $39,200 from USF & G (the remainder of the $500,000 policy limit) and the balance of the Weber judgment from Twin City.

## II.

In this diversity case, the district court was asked to decide whether, under Missouri law, Pace's insurance policies, issued by USF & G and Twin City, provided coverage for Pace's obligation to Weber. The court, finding no Missouri cases directly on point, examined the relevant contract language and determined that the Missouri Supreme Court would find that the plain and unambiguous language of the insurance contracts did not provide coverage.

The court below construed the general and umbrella liability provisions and determined that neither provision encompassed Pace's liability to Weber. The Court found that liability flowed, not from an accident resulting in unexpected and unintended bodily injury—an "occurrence"—but, rather, from Pace's failure to obtain insurance.[3] Accordingly, judgment in favor of USF & G and Twin City and against Pace was entered on November 30, 1989.

■ It is now clear that this Court reviews state-law determinations of the district courts *de novo. Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). Here, in the absence of controlling authority, the district court undertook a careful analysis and conducted a survey of foreign law to predict how the Missouri Supreme Court would rule. We find that the district court's analysis was thorough and exhausted the state-law inquiry, *id.* 111 S.Ct. at

1222, and we concur with the district court's interpretation of the relevant policy language.

■ As the district court properly noted, the insurance industry's standard policy language requiring the insurer to pay sums the insured is legally obligated to pay as damages because of injury caused by an "occurrence," has been similarly construed in other decisions. In *West v. Jacobs*, 790 S.W.2d 475 (Mo.Ct.App.1990), the Missouri court found that a tenant's claims against her landlord for breach of contract to abate rent and for breach of lease were not covered by the general liability provision providing coverage for an "occurrence," defined as "an accident ... which results in bodily injury or property damage neither expected nor intended," because neither breach was an "occurrence" triggering coverage. *Id.* at 478.

Similarly, in each of the two cases cited by the district court, liability stemming from the insured's breach of contract was not a covered "occurrence." *Action Ads, Inc. v. Great Am. Ins. Co.*, 685 P.2d 42, 45 (Wyo.1984) (insurer had no duty to defend or cover losses because "occurrence" referred to tortious conduct and insured's potential liability stemmed "not from its own negligent behavior, but from a contractual obligation [to provide medical insurance]"); *Kema Steel, Inc. v. The Home Ins. Co.*, 153 Ariz. 315, 736 P.2d 798 (Ariz. Ct.App.1986) (supplemental opinion on denial of rehearing) (failure to provide insurance as promised was not covered "occurrence" within meaning of policy even though failure caused emotional distress).

■ Pace, like the insureds seeking coverage in *West, Action Ads*, and *Kema Steel*, became obligated to pay damages sustained by another, measured by a third party's injury or damage, because of its own breach of a contract. We agree that, under Missouri law, no coverage exists under either the USF & G or the Twin City insurance policy for Pace's liability to Web-

---

**3.** Further, the court determined that the Missouri courts would not extend the provision of the USF & G policy providing coverage for liability assumed in an incidental contract to Pace's obligation to Weber. In so finding, the court deemed coverage under the incidental contract provision to be solely for obligations incurred by the insured under contracts of indemnity or hold harmless agreements and not for the kind of primary liability Pace incurred by its breach of a contract to procure insurance.

er arising out of its failure to obtain insurance.[4]

We, of course, are bound by the principle that courts will not rewrite the terms of an insurance contract. *Hempen v. State Farm Mut. Auto. Ins. Co.*, 687 S.W.2d 894 (Mo.1985). Our finding of noncoverage is in accord with the contractual language and with the facts. Pace, having breached its contractual duty to procure insurance, became legally obligated to pay damages to Weber, but those damages were not "because of bodily injury caused by an occurrence." Weber's damages, while measured by Adams' injuries, were caused, not by Adams' accident, but by Pace's breach.[5]

There being no genuine issue of material fact, *see* Fed.R.Civ.P. 56(c), we affirm the district court's grant of USF & G's and Twin City's motions for summary judgment and its denial of Pace's motion for summary judgment.

---

**4.** We also concur in the district court's determination that the incidental contractual liability rider provision affords no coverage to Pace. Pace contends that its subcontract with Weber fits the definition of incidental contract for which the policy provides coverage. But Pace, here, is not liable to Weber on an indemnity theory. To the contrary, Pace incurred primary liability to Weber based upon its breach of the very subcontract upon which it now relies.

**5.** Pace's argument invites this Court to collaterally overrule the holding of the United States District Court for the Southern District of Illinois that Pace was obligated to Weber as a result of Pace's contractual breach. *Adams v. Fred Weber, Inc.*, No. 84 5039 (S.D.Ill. April 27, 1987). This ruling was upheld by the United States Court of Appeals for the Seventh Circuit. *Adams v. Fred Weber, Inc.*, 849 F.2d 1018 (7th Cir.1988). We decline to overrule our sister courts *en passant*.