**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| 757BD, LLC, a New Mexico limited liability company,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a foreign insurer,<br><br>        Defendant-Appellee. | No.   18-16760<br><br>D.C. No. 2:14-cv-01312-DJH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted March 5, 2020**
Phoenix, Arizona

Before:  HAWKINS, OWENS, and BENNETT, Circuit Judges.

Plaintiff-appellant 757BD, LLC ("757BD") appeals from the summary

judgment grant to National Union Fire Insurance ("National Union"), concluding that

---

       *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

coverage was not available under the National Union policies because there was no property damage caused by an occurrence during the policy period. We affirm.

In early January 2005, 757BD purchased an aircraft with the assistance of National Union's insured Aero Jet. Aero Jet was allegedly involved in pre-purchase negotiations and inspection of the aircraft, and later entered into a Management Services Agreement with 757BD relating to the aircraft on January 21. Aero Jet was insured by National Union under a Gold Medallion Comprehensive Business Aircraft Policy for two successive periods from January 30, 2005, to April 30, 2006, and from April 30, 2006, through April 30, 2007.

In November 2005, Aero Jet discovered "bubbling paint" on the wings of the aircraft and other evidence of corrosion. A metallurgist expert investigated the cause and concluded that the likely cause was exposure to chloride-based paint stripper when the aircraft was repainted in 2002 by Duncan Aviation. The aircraft was out of service for some time and 757BD spent a substantial sum of money repairing the plane.

757BD then filed a complaint in the underlying lawsuit against Duncan Aviation, the seller of the aircraft, Aero Jet, and others.[1] Among other things, the

---

[1] Duncan was dismissed from the litigation after reaching a settlement with 757BD, and the claims against the seller were dismissed for lack of personal jurisdiction.

complaint alleged claims against Aero Jet for breach of fiduciary duty and negligent misrepresentation in connection with the purchase of the aircraft, claiming Aero Jet knew or should have known of the true condition but represented the aircraft was in normal working condition. Aero Jet sought coverage from National Union for the claims against it, but National Union denied liability coverage and refused to defend.

Aero Jet and 757BD entered into a stipulated judgment on the claims for breach of fiduciary duty and negligent misrepresentation. Aero Jet and 757BD then entered into a *Damron* agreement,[2] in which Aero Jet assigned all of its rights against National Union to 757BD. Stepping into the place of the original insured, 757BD seeks indemnification from National Union under its policy which went into force on January 30, 2005, and covered the purchased plane as a "scheduled aircraft."

The relevant portions of the policy provide:

> The Company will promptly pay on behalf of the insured all sums which the Insured becomes legally obligated to pay as damages because of bodily injury and property damage caused by an occurrence during the policy period arising out of the ownership, maintenance or use of a scheduled aircraft.

The policies define "property damage" as:

---

[2] *Damron v. Sledge*, 460 P.2d 997 (Ariz. 1969). Under this type of settlement agreement, the insured agrees to liability for the underlying incident and assigns all rights against the insurance company to the injured party, who agrees not to execute the judgment against the insured. *See Desert Ridge Resort LLC v. Occidental Fire & Cas. Co.*, 141 F. Supp. 3d 962, 966–67 (D. Ariz. 2015). The insurer is liable only if the judgment constitutes a liability falling within its policy. *See id.*

[A]ccidental damage to or destruction of the tangible property of others caused by an occurrence during the policy period and the resultant loss of use of the property. Property damage also includes the loss of use of tangible property of others that is not physically damaged but that is caused by an occurrence during the policy period.

"Occurrence" is defined by the policies as:

[A]n accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended by the Insured. However, the definition will include bodily injury or property damage resulting from the efforts to prevent dangerous interference with any covered aircraft operations.

## I. Property Damage

757BD's underlying complaint *did* allege property damage to the aircraft, but *not* connected with the claims alleged against National Union's insured. Rather, the complaint alleges that defendant *Duncan* caused damage to the aircraft from its negligent paint job, allegations which are not the subject of this appeal.

In contrast, Aero Jet stipulated to judgment on Claim VIII for breach of fiduciary duty and Claim IX for negligent misrepresentation. As to these counts, the complaint alleged that 757BD had suffered monetary damage from its reliance on Aero Jet's inspection of the aircraft prior to purchase and from Aero Jet's alleged failure to discover/turn over all relevant maintenance records pertaining to the aircraft.

Interpreting a similar policy under California law, the Ninth Circuit held there was no "property damage" under the policy for claims based on a seller's alleged

4

misrepresentation of the property's condition. *Safeco Ins. Co. v. Andrews*, 915 F.2d 500, 502 (9th Cir. 1990) (the "claims do not expose [the seller] to liability for any damage to tangible property, but rather for economic loss resulting from [the seller's] alleged failure to discover and disclose facts relevant to the property's value and desirability"); *see also Am. Family Mutual Ins. Co. v. Craig*, 2009 WL 10673964, *4 (D. Ariz. 2009) (unpublished); *Travelers Indem. Co. v. Arizona*, 680 P.2d 1255, 1258 (Ariz. Ct. App. 1984).[3] The district court correctly held that the claims against Aero Jet did not allege "property damage" within the meaning of the policy.

## II.    Occurrence during Policy Period

Moreover, even if there were "property damage" within the meaning of the policy, 757BD has yet another insurmountable hurdle to clear:  there was no occurrence within the period of the policy.

An "occurrence" is an "accident" (including continuous or repeated exposure to conditions) which results in bodily injury or property damage.  The word accident is "generally defined as an undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force." *GRE Ins. Grp. v. Green*, 980 P.2d 963, 965 (Ariz. Ct. App. 1999) (internal

---

[3] Indeed, the complaint itself alleges the aircraft was *already* in an excessively corrosive condition which Aero Jet should have discovered and disclosed during its inspection.  "It is axiomatic that X cannot be a proximate cause of Y if Y has already occurred before X." *People v. Palmer*, 35 Cal. Rptr. 3d 373, 383 (Ct. App. 2005).

quotation marks omitted). Arizona cases have concluded that misrepresentations— negligent or intentional—do not qualify as accidents or occurrences. *See, e.g.*, *W. Cas. & Surety Co. v. Hays*, 781 P.2d 38, 40 (Ariz. Ct. App. 1989); *see also Great Am. Assurance Co. v. PCR Venture of Phoenix LLC*, 2014 WL 11497799, at \*6–7 (D. Ariz. 2014) (unpublished) (car rental agent's alleged misrepresentation about supplemental liability insurance was not an "accident"); *Kema Steel, Inc. v. Home Ins. Co.*, 736 P.2d 798, 799 (Ariz. Ct. App. 1986) (negligent failure to procure medical insurance not an "occurrence").

Moreover, all of the allegations against Aero Jet pertain to its inspection of the aircraft, alleged misrepresentations about the working condition of the aircraft, and failure to turn over repair records, all in connection with *the purchase of the aircraft*. But Aero Jet's policy with National Union did not become effective until January 30, 2005. Therefore, as the district court held, "even if damages caused by the alleged misrepresentation and breach of fiduciary duty could somehow be construed as 'property damage,' that damage occurred before the policy's effective date and there is no coverage."

**AFFIRMED.**